IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JOHN WILLIAM MARSH                                                                                      PETITIONER
ADC #171791

v.                                          4:21-cv-00869-KGB-JJV

DEXTER PAYNE, Director,
Arkansas Division of Correction                                                                        RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

### DISPOSITION

I.  BACKGROUND

Petitioner John William Marsh, an inmate at the North Central Unit of the Arkansas Division of Correction, brings this 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus *pro se*. (Doc. No. 1.) Mr. Marsh was convicted by a jury in Nevada County, Arkansas, of one count of rape and two counts of second-degree sexual assault. (Doc. No. 7-2 at 90-93.) The charges stemmed from allegations made by Mr. Marsh's then eight-year-old daughter, who testified at trial during the State's case-in-chief, along with investigators from the Arkansas State Police Crimes

Against Children Division and the Nevada County Sheriff's Department and an expert in the field of forensic interviewing. (Doc. No. 7-3 at 11-107.) Mr. Marsh was sentenced to thirty years' imprisonment for the rape and ten years' imprisonment for each of the sexual assaults, with one of the ten-year sentences running consecutively to the thirty-year sentence and the other running concurrently, for an aggregate sentence of forty years. (Doc. No. 7-2 at 90-93.)

Mr. Marsh appealed his convictions, arguing the circuit court abused its discretion in allowing the expert to testify because her testimony improperly bolstered the credibility of the victim. *Marsh v. State of Arkansas*, 2020 Ark. App. 269. The Arkansas Court of Appeals affirmed, holding Mr. Marsh had failed to properly preserve the issue for appeal. *Id*. Mr. Marsh's petition for review by the Arkansas Supreme Court was denied. (Doc. No. 7-8.) He did not file a petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37 or any other application for collateral review in state court. (Doc. No. 1 at 3, 5.)

In his Petition for Writ of Habeas Corpus, Mr. Marsh raises a single claim for relief: that he was subjected to double jeopardy. (*Id*. at 5.) Respondent Dexter Payne, Director of the Arkansas Division of Correction, contends the claim is procedurally defaulted and without merit. (Doc. No. 7 at 4.) After careful consideration, I recommend relief be denied. The Petition should be dismissed with prejudice.

II.   ANALYSIS

According to Mr. Marsh's account of the victim's testimony, she recounted only "one time" and said no penetration occurred. (Doc. No. 1 at 5.) Thus, he argues, he should not have been convicted of one count of rape and two counts of second-degree sexual assault. (*Id*.) For relief, he asks that the rape conviction be overturned. (*Id*. at 13.) Whether Mr. Marsh intends to raise a double-jeopardy claim, as he has labeled it, or a claim that the evidence was insufficient to

support the rape conviction, the claim fails because it is both procedurally defaulted and meritless. *See Jones v. Jerrison*, 20 F.3d 849, 853 (8th Cir. 1994) (*pro se* habeas petitions should be liberally construed to encompass any allegation stating federal relief).

### A.   Procedural Default

Before filing a federal habeas petition, a state inmate must first "fairly present" the substance of his or her federal habeas claims to the appropriate state courts and exhaust all available state remedies. *Murphy v. King*, 652 F.3d 845, 848-49 (8th Cir. 2011) (citing *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus . . . shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State")). The fair-presentment requirement exists so that the respective state has the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Murphy*, 652 F.3d at 849 (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)); *see also Picard v. Connor,* 404 U.S. 270, 275 (1971) (quoting *Darr v. Burford*, 339 U.S. 200, 204 (1950)) ("We have consistently adhered to this federal policy, for 'it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.'"); *Lenza v. Wyrick*, 665 F.2d 804, 807-08 (8th Cir. 1981). In order to fairly present a federal claim to the state courts, the petitioner must have referred to "'a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue' in a claim before the state courts." *Murphy*, 652 F.3d at 849. In order to exhaust, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

When a state inmate fails to comply with the fair-presentment requirement, his or her claim will be procedurally defaulted. *Id*. If it would be futile for a petitioner to return to the state courts to present his or her claim, "the exhaustion requirement in § 2254(b) is satisfied, but th[is] failure to exhaust 'provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim.'" *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005) (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)). When a state prisoner has defaulted his or her federal claims in state court, federal habeas review of the claims is barred unless the prisoner can demonstrate: (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law"; or (2) "that failure to consider the claims will result in a fundamental miscarriage of justice," that is, a constitutional violation has resulted in the conviction and continued incarceration of one who is actually innocent. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Mr. Marsh failed to fairly present and exhaust his claim in state court. He did not raise a double-jeopardy argument at any point, and although he argued at trial that there was insufficient evidence of penetration for a rape conviction (Doc. No. 7-3 at 107), he did not pursue this argument on appeal. *See Henson v. State*, 2015 Ark. 302, at 7, 468 S.W.3d 264, 269 (an attack on the sufficiency of the evidence is a direct attack on the judgment and must be settled on direct appeal). Accordingly, habeas review of the claim is barred unless Mr. Marsh can demonstrate an exception.

The cause-and-prejudice exception requires a showing of "some objective factor external to the defense" that impeded development of the claim in state court. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Mr. Marsh suggests the default is excused by his counsel's failure to pursue the issue on appeal. (Doc. No. 1 at 5.) Although ineffective assistance of counsel can constitute cause for a procedural default, the ineffective-assistance claim must be "presented to the state

courts as an independent claim before it may be used to establish cause for a procedural default." *Murray*, 477 U.S. at 489. Mr. Marsh has not presented, either here or in state court, an independent claim of ineffective assistance of counsel. And attorney error short of ineffective assistance of counsel does not constitute cause for a procedural default. *Id*. at 492.

The miscarriage-of-justice exception is likewise unavailable. A petitioner who raises a gateway claim of actual innocence must establish (1) new and reliable evidence that was not presented at trial, and (2) in light of the new evidence, it is more likely than not that no reasonable juror would have convicted him. *Weeks v. Bowersox*, 119 F.3d 1342, 1351 (8th Cir. 1997). Mr. Marsh does not begin to cross the very high threshold of an actual-innocence gateway claim, as he does not point to any new evidence. Finally, the *Martinez* exception for substantial claims of ineffective assistance of trial counsel, which allows federal habeas review where there was no counsel or ineffective counsel in the initial-review collateral proceeding, is inapplicable, as Mr. Marsh does not raise an ineffective-assistance claim. *Martinez v. Ryan*, 566 U.S. 1 (2012).

For these reasons, Mr. Marsh's claim is inexcusably defaulted, and federal habeas review is barred.[1]

    **B.**    **Merits**

---

[1] In a subsequently filed motion, Mr. Marsh asks that the instant proceeding be stayed in accordance with *Rhines v. Weber*, 544 U.S. 269 (2005), while he pursues habeas corpus relief in state court. (Doc. No. 8.) A *Rhines* stay is unavailable to Mr. Marsh for several reasons. First, the "stay and abeyance" procedure only applies to "mixed petitions," that is, petitions containing both exhausted and unexhausted claims. *See, e.g.*, *Birts v. Ark. Att'y Gen.*, Case No. 2:13-cv-00129-KGB, 2014 WL 3803291 (E.D. Ark. June 13, 2014). Mr. Marsh's Petition contains only one claim, and it is unexhausted. Additionally, "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." *Rhines*, 544 U.S. at 277. Mr. Marsh has not alleged or demonstrated good cause for his failure to exhaust, and, as explained herein, his claim is plainly meritless. Accordingly, his Motion to Stay and Abey (Doc. No. 8) should be denied.

Even if Mr. Marsh's claim were not procedurally defaulted, it would fail on the merits, whether viewed as a double-jeopardy claim or a sufficiency-of-the-evidence claim. In order to show a violation of the Double Jeopardy Clause of the Fifth Amendment, a defendant must show that two charged offenses "are in law and fact the same offense." *United States v. Bennett*, 44 F.3d 1364, 1368 (8th Cir. 1995). In order to prevail on a challenge to the sufficiency of the evidence, a petitioner must show that, after viewing the evidence in the light most favorable to the prosecution, no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

Mr. Marsh's summation of the victim's testimony mischaracterizes what she actually said: that Mr. Marsh touched her "private," under her clothes, with his hand and fingers on at least two occasions, and that he touched her "private," inside the "fatty part," with his tongue on one occasion. (Doc. No. 7-3 at 21-29.) The expert in the field of forensic interviewing testified that the labia majora is sometimes called the "fatty part." (*Id*. at 76.) Under Arkansas law, a person commits rape if he engages in sexual intercourse or deviate sexual activity with another person who is less than fourteen years of age. Ark. Code Ann. § 5-14-103(a)(3). "Deviate sexual activity" is defined to include any act of sexual gratification involving "[t]he penetration, however slight, of the labia majora or anus of a person by any body member or foreign instrument manipulated by another person." *Id*. at § 5-14-101(1)(B). A person commits second-degree sexual assault if, being eighteen years of age or older, he engages in sexual contact with another person who is less than fourteen years of age. *Id*. at § 5-14-125(a)(3). "Sexual contact" is defined as an act of sexual gratification involving the touching, directly or through clothing, of the sex organs, buttocks, or anus of a person or the breast of a female. *Id*. at § 5-14-101(11) (Supp. 2017).

In short, the victim's testimony clearly established the essential elements of one count of rape and two counts of sexual assault in the second degree. And in cases of rape and sexual assault, "[a] victim's testimony is, by itself, normally sufficient to sustain a conviction." *Loeblein v. Dormire*, 229 F.3d 724, 726 (8th Cir. 2000). Further, under Arkansas law, a defendant may not be convicted of more than one offense if "[t]he conduct constitutes an offense defined as a continuing course of conduct and the defendant's course of conduct was uninterrupted[.]" Ark. Code Ann. § 5-1-110(a)(5). Rape is not defined as a continuing offense. *See, e.g.*, *Tarry v. State*, 289 Ark. 193, 195, 710 S.W.2d 202, 203 (1986). Mr. Marsh is not entitled to relief.

### III.   CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). I find no issue on which Mr. Marsh has made a substantial showing of the denial of a constitutional right. Accordingly, no certificate of appealability should issue.

### IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.   Mr. Marsh's Motion to Stay and Abey (Doc. No. 8) be DENIED.

2.   Mr. Marsh's § 2254 Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED with prejudice.

3.   A certificate of appealability not be issued.

DATED this 28th day of February 2022.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE